# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                      Civ. No. 12-60

$65,000.00 IN UNITED STATES CURRENCY,

    *Defendant,*

and

PATRICK JASON MALDONADO,

    *Claimant.*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff states:

### JURISDICTION AND VENUE

1. This is a civil action *in rem* for forfeiture of Defendant property which has been located and will be arrested by execution of a Warrant for Arrest in the District of New Mexico; and during the pendency of this action Defendant, or its equivalent or proceeds thereof, will be subject to the jurisdiction of this Court.

2. The United States District Court for the District of New Mexico has exclusive, original jurisdiction under 28 U.S.C. §§ 1345, 1355 and 1356.

3. Venue is proper under 28 U.S.C. §§ 1355 and 1395.

4. The "res" or property which is the subject of this action consists of Sixty-Five Thousand ($65,000.00) in U.S. Currency (hereafter referred to as "Defendant Currency").

## PARTIES AND CLAIMANTS

5. The following persons may claim an interest in Defendant Currency:

    (a). Patrick Jason Maldonado at P.O. Box 12001, Fresno, CA 93776 and/or 2448 East Minarets Ave., Fresno, CA 93720 and/or 4974 North Fresno St. #194, Fresno, CA 93726, whose attorney(s) is Kennedy Law Firm, 1000 2nd Street NW, Albuquerque, NM 87102.

## FACTS

The circumstances from which the claim for forfeiture of Defendant Currency arise are:

6. On September 22, 2011, Drug Enforcement Administration (DEA) Special Agent Kevin Small reviewed the Amtrak Train Reservation for Patrick Jason Maldonado. Maldonado had purchased a one-way cash ticket less than one hour prior to departure from Kansas City, MO to Los Angeles, CA.

7. At the Albuquerque train station, Agent Small approached Maldonado and displayed his DEA badge. Agent Small requested and received consent from Maldonado to search his backpack. Agent Small removed three boxes of snack food from the backpack. The boxes were heavier than normal snack food boxes. Further, the boxes contained solid objects rather than snack foods. One of the boxes was opened on the bottom and a large bundle of U.S. currency wrapped in plastic fell out of the box.

8. Agent Small asked Maldonado if the money belonged to him. Maldonado replied the money belonged to him.

9. Agent Small asked Maldonado to step down to the lower level of the train. Agent Small asked Maldonado about the money. Maldonado stated he sold cars for a living and he had sold two cars in Kansas City and that is how he obtained the money.

10. Maldonado also stated that he had used a transport company to deliver the cars to Kansas City. However, Maldonado could not provide the name or phone number of the transport company. Maldonado called a friend in Kansas City to verify his car sale story. He identified his friend as "Hayden" and handed the phone to Agent Small. When Agent Small asked "Hayden" how Maldonado had a large sum of money in his possession, "Hayden" responded, " I don't know. Maybe he is on vacation. He came up here and we did a lot of gambling. I mean I have no other explanation for that. We gambled everyday up here."

11. Agent Small asked Maldonado if he has been arrested. Maldonado said he had been arrested for drug charges and had been sentenced to jail.

12. Agent Small searched Maldonado's person and located three cellular telephones in his pockets. Maldonado knew only one of the cellular phone numbers.

13. Agent Small transported the snack food boxes containing the currency to the Albuquerque DEA office. DEA Task Force Officer Tom Vovicki deployed his trained and certified drug detection canine, "Trigger" on the snack food boxes containing the currency. Trigger alerted positively for the odor of illegal controlled substance on the snack food boxes containing the currency.

14. The currency contained in the snack food boxes totalled $65,000.

## CLAIM FOR RELIEF

15. Defendant currency is subject to arrest and forfeiture to Plaintiff under 21 U.S.C. § 881(a)(6) because it was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act.

16. Defendant currency is subject to arrest and forfeiture to Plaintiff under 18 U.S.C. § 981(a)(1)(A) because the currency was involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960 or is property traceable to such property.

17. Defendant currency is subject to arrest and forfeiture to Plaintiff under 18 U.S.C. § 981(a)(1)(C) because the currency constitutes or is derived from property traceable to a violation of 18 U.S.C. § 1952.

WHEREFORE: Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

*/s/ Stephen R. Kotz*

STEPHEN R. KOTZ
CYNTHIA L. WEISMAN
Assistant U.S. Attorneys
P.O. Box 607
Albuquerque, NM 87103-0607
(505) 346-7274

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 1/19/2012

Kevin Small, Special Agent
Drug Enforcement Administration