IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

    v.                                                                                                                            Civ. No. 12-60 RB/LFG

$65,000.00 IN UNITED STATES CURRENCY,

    *Defendant*,

and

PATRICK JASON MALDONADO,

    *Claimant.*

**PLAINTIFF'S MOTION TO STRIKE CLAIM FOR LACK OF STANDING**

Plaintiff, United States, pursuant to Supplemental Rule G(8)(c) of the Federal Rules of Civil Procedure, moves to strike the Claim (Doc. 13) filed on March 21, 2012, by Claimant Patrick Maldonado. As grounds therefor, Claimant Maldonado lacks statutory standing and his Claim should be stricken. Counsel for Claimant Maldonado opposes this motion.

**FACTS**

1. Pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), the United States filed a Verified Complaint for Forfeiture *In Rem* on January 19, 2012, seeking forfeiture of the above-stated Defendant Currency. (Doc. 1.)

2. Patrick Maldonado was identified by the United States as a putative claimant in this civil forfeiture action. (Doc. 1.)

3. A notice of civil forfeiture was published on www.forfeiture.gov from January 31 to February 29, 2012. (Doc. 12.)

4. Counsel for Claimant filed an Attorney's Acceptance of Service on February 3, 2012, thereby accepting service of both the Complaint and the Notice of Complaint for Forfeiture (hereafter "Notice"). (Doc. 4.)   On February 3, 2012, counsel for Claimant also filed an Entry of Appearance.  (Doc. 5.)

5. The Notice received by Claimant's counsel stated as follows:

> All persons asserting an interest in or claim against the Defendant Currency and who have received direct notice of the forfeiture action must file a verified claim with the Clerk of this Court pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, **thirty-five (35) days** after the notice is sent. In addition, any person having filed such a claim shall also serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within **twenty-one (21) days** after filing the claim.

The Notice served on counsel is attached hereto as **Exhibit 1** (bold in original).

6. The Notice mirrored the requirements for an answer under Supp. Rule G(5): "A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim."  Supp. Rule G(5)(b); *see* Exhibit 1, Notice.

7. Having received the Complaint on February 3, 2012, a Claim was due 35 days later or by March 9, 2012, and an Answer was due 21 days after that or by March 30, 2012.

8. At the status conference on February 28, 2012, counsel for Claimant agreed to file the claim and answer shortly.  (Doc. 11, Scheduling/Discovery Order.)

9. On March 5 and on March 6, 2012, counsel for Claimant confirmed by email that the claim and answer would be filed by March 9, 2012.  **Exhibit 2** contains the emails between the office of Claimant's counsel and an undersigned counsel, confirming the claim was due by March 9, 2012, by which date Claimant had agreed to file both his claim and his answer.

10.  Claimant did not file his claim or answer by March 9, 2012. Had he filed a timely claim by March 9, 2012, his answer would have been due 21 days later, by March 30, 2012. However, Claimant told the Court at the February 28, 2012, conference he would file his claim together with his answer.

11.  Claimant filed his out-of-time claim on March 21, 2012, after his deadline of March 9, 2012, without seeking or obtaining leave of court or agreement of the United States. (Doc. 13.)

12.  The claim is untimely. However, based on the March 21, 2012 filing of the claim, the answer would have been due 21 days later, by April 11, 2012.

13.  Claimant has not filed an answer as required by Supplemental Rule G(5)(b).

### ARGUMENT

**I.   THE NATURE OF CIVIL ASSET FORFEITURE**

This is an *in rem* civil asset forfeiture case. (Doc. 1.) In such a case, the United States is the plaintiff, the property/asset is the defendant and the claimant is an intervenor seeking to challenge the forfeiture of the defendant property/asset. *United States v. $148,840 in U.S. Currency,* 521 F.3d 1268, 1273 (10th Cir. 2008); *Via Mat International South America, Ltd. v. United States,* 446 F.3d 1258, 1264 (11th Cir. 2006)(a civil forfeiture proceeding is not an action against the claimant but rather is an *in rem* action against the property); *United States v. All Funds in Account Nos. 747.034/278(Banco Espanol de Credito),* 295 F.3d 23, 25 (D.C. Cir. 2002)("Civil forfeiture actions are brought against property, not people. The owner of the property may intervene to protest his interest."); *United States v. $734,578.82 in U.S. Currency,*

286 F.3d 641, 657 (3d Cir. 2002)(civil forfeiture is an *in rem* action against the property itself; the forfeiture is "not conditioned upon the culpability of the owner of the defendant property"); *United States v. One-Sixth Share,* 326 F.3d 36, 40 (1st Cir. 2003)("Because civil forfeiture is an *in rem* proceeding, the property subject for forfeiture is the defendant. Thus, defenses against the forfeiture can be brought only by third parties, who must intervene.").

## II.   SUPPLEMENTAL RULE G GOVERNS CIVIL ASSET FORFEITURE ACTIONS ARISING FROM A FEDERAL STATUTE

Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") governs forfeiture actions *in rem* arising from a federal statute.  Supplemental Rule G(1).  This is such an action. (Doc. 1 at 1-3).

Supplemental Rule G(5) delineates the responsive pleadings a claimant must file to challenge a civil forfeiture action: (1) a verified claim, and (2) an answer.  (Supp. Rule G(5); 18 U.S.C. § 983(a)(4).)  The claim must be filed "by the time stated in a direct notice sent under Rule G(4)(b)," and the answer must be filed "within 21 days after filing the claim."  Supp. Rule G(5).

## III.   CLAIMANT LACKS STATUTORY STANDING TO CONTEST THIS CIVIL FORFEITURE ACTION, AND THEREFORE HIS CLAIM MUST BE STRICKEN

As stated above, in a civil forfeiture case, the United States is the plaintiff, the property is the defendant and the claimant is an intervenor seeking to challenge the forfeiture of the defendant property.  As an intervenor, the claimant must establish that he has standing to contest the forfeiture.  Thus, standing is a threshold issue in every federal civil forfeiture case. *United*

*States v. $148,840 in U.S. Currency,* 521 F.3d 1268, 1273 (10th Cir. 2008); *Via Mat International South America, Ltd. v. United States,* 446 F.3d 1258, 1261 (11th Cir. 2006) (Standing "is the threshold question in every federal case, determining the power of the Court to entertain the suit"), quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975); *United States v. $38,570,* 950 F.2d 1108, 1111 (5th Cir. 1992)(standing is a threshold question on which the claimant "bears the burden of demonstrating an interest in the seized item sufficient to satisfy the Court of his standing").

A claimant must comply with the pleading requirements of Supplemental Rule G(5). Otherwise, a claimant lacks statutory standing to contest the civil forfeiture action. *See United States v. $148,840.00 in U.S. Currency,* 521 F.3d 1268, 1273 n.3 (10th Cir. 2008) ("The sole issue before the court is whether Austin has Article III standing to challenge the forfeiture of the currency seized, . . . . We do not address the separate question of whether Austin has 'statutory standing' under [Supplemental] Rule C(6) . . . ." (internal citation omitted));[1] *United States v. $5,565.00 in U.S. Currency,* 2010 WL 4256211, at *2 (D. Col. Sept. 20, 2010) 2010)("Here, there is no dispute that the . . . claimant . . . has failed to file the requisite claim pursuant to Supplemental Rule G(5). Consequently, he lacks statutory standing to proceed in this case. Therefore, this Court . . . [will] strike the Answer filed by [the claimant]. . . ."); *United States v. 2687 S. Deframe Circle, Lakewood, Colo.*, 208 F.3d 228, *3-4 (10th Cir. 2000)(stating that it is not an abuse of discretion for the court to require strict compliance with Supplemental Rule

---

[1] Before Supplemental Rule G was adopted in 2006, Supplemental Rule C of the Supplemental Rules for Admiralty or Maritime Claims governed civil forfeiture actions. Therefore caselaw pre-dating the 2006 adoption of Supplemental Rule G often refers to the procedural requirements in Supplemental Rule C(6). *See United States v. One Men's Rolex Pearl Master Watch*, 357 F. App'x 624, 626 n.2 (6th Cir. 2009).

C(6), and finding that the equities did not warrant a more liberal construction of the rule and supported the district court's decision to strike the claimant's answer "for failing to comply with Rule C(6)"; *United States v. $11,918.00,* No. 03-5679, 2007 WL 3037307, at *7 (E.D. Cal. Oct. 17, 2007) (stating that the claimant was given repeated opportunities to file a claim but did not do so, that there were no mitigating factors, that a claimant "in a civil forfeiture case must establish both Article III standing and statutory standing" and that a claimant "who does not file a verified claim pursuant to the Supplemental Rules lacks standing in the forfeiture action" and finding that the claimant's answer was thus "immaterial and impertinent, and should be stricken"); *United States v. $13,970.00 in U.S. Currency,* No.06-386, 2007 WL 1231659, at *3 (M.D. Ga. Apr. 26, 2007) ("Because Claimant did not file a verified claim in this action and did not request an extension of time to file an out-of-time verified claim, his Answer will be stricken for lack of standing."); *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491 (6th Cir. 1998)("In order to contest a governmental forfeiture action, claimants must have statutory standing through compliance with Supp. . . . R. C(6), as well as the Article III standing required for any action brought in federal court."); *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1148 (9th Cir. 1989)("We require proper standing to contest a forfeiture both as a statutory matter and as an Article III and prudential requirement.").

The requirements of Supp. Rule G(5) are strictly construed. *United States v. $48,000 in U.S. Currency,* No. 06-10952, 2007 WL 1467158, at *3 (E.D. La. May 18, 2007)(the requirement of strict compliance with the filing requirements that applied to Rule C(6) [Rule G(5)s predecessor] carry over to Rule G(5); allowing the filing of a late claim would "subvert the strict

time limits established by Rule G(5) and encourage claimants to litigate every untimely filing in a forfeiture case").

To establish statutory standing it is not enough to file a claim but not an answer. The rule requires both a claim and an answer, which serve separate purposes. *United States v. U.S. Currency in the Sum of $261,480,* No. 00-3028, 2002 WL 827420, at *1 n.3 (E.D.N.Y. May 2, 2002)(unpublished)(claim and answer serve different purposes: claim forces person contesting forfeiture to swear that he has an interest in the property; answer requires claimant to state his defenses and to admit or deny plaintiff's "averments").

Supp. R. G(8)(c)(i), "Motion to Strike a Claim or Answer," states: "At any time before trial, the government may move to strike a claim or answer for failing to comply with Rule G(5) or (6), or because the claimant lacks standing." Granting a motion to strike a claim is appropriate for a putative claimant who does not file a claim and answer in compliance with the pertinent rules. *See United States v. $38,570 in U.S. Currency,* 950 F.2d 1108, 1112-15 (5th Cir. 1992)(upholding grant of motion to strike under prior Supplemental Rule C(6)).

In this case, Claimant Maldonado lacks statutory standing for two reasons. First, he lacked statutory standing to file his claim on March 21, 2012, when it was due by March 9, 2012, pursuant to the Notice – a due date that Claimant confirmed twice with an undersigned counsel. *See* **Exhibit 2**; *United States v. $25,790 in U.S. Currency,* 2010 WL 2671754, *4 (D. Md. July 2, 2010) (granting motion to strike late claim for lack of statutory standing, and entering immediate default judgment because there were no other claimants). The late claim should be stricken because Claimant lacks statutory standing.

Second, Claimant lacks statutory standing because he failed to file an answer. The Government may move to strike a claim for failure to comply with Supp. Rule G(5). *United States v. All Assets Held at Bank Julius Baer & Co.,* 664 F. Supp.2d 97, 104 (D.D.C. 2009) (granting Rule G(8)(c) motion to strike for failure to file an answer); *United States v. $14,132.00 in U.S. Currency,* 2011 WL 3235720, *1(D. Col. July 28, 2011) (granting Rule G(8)(c) motion to dismiss for lack of statutory standing where claimant filed claim but no answer); *United States v. $27,601.00 in U.S. Currency,* 800 F. Supp.2d 465, 467 (W.D.N.Y. 2011) (same, collecting cases requiring strict compliance with Rule G(5)); *United States v. Approximately Twenty Mexican Gold Coins,* 2009 WL 1870892, *1 (D. Kan. June 29, 2009) (dismissing claim for failure to comply with Rule G(5) in that claim was not signed under penalty of perjury, was filed on behalf of others without stating there was a valid bailment, and claimant failed to file an answer).

### IV.  SUPPLEMENTAL RULE G IS STRICTLY CONSTRUED

It is well-established that the requirements for a timely and sufficient judicial claim and answer are strictly construed. *United States v. $25,790 in U.S. Currency,* 2010 WL 2671754, *2 (D. Md. July 2, 2010) ("These requirements must be strictly enforced."); *United States v. $5,565.00 in U.S. Currency,* 2010 WL 4256211, *2 (D. Col. Sept. 20, 2010) ("The requirements set forth in the Supplemental Rules 'must be strictly enforced.'" (citations omitted)); *United States v. $5,565.00 in U.S. Currency,* 2010 WL 4222047 (D. Col. Oct. 20, 2010), adopting 2010 WL 4256211 (D. Col. Sept. 20, 2010) (following *$25,790;* the pleading requirements in Rule G(5) must be strictly enforced); *United States v. Vehicle 2007 Mack 600 Dump Truck,* 680 F. Supp.2d 816, 825 (E.D. Mich. 2010) ("Generally, courts have held claimants to strict compliance

with the provisions of Rule G(5)."); *United States v. Approximately $70,000 in U.S. Currency*, 2007 WL 2317136, *4 (E.D. Cal. 2007) (stating that several policies support requiring strict compliance, "including the need to inform the Court that there is a claimant to the property who wants it back and intends to defend it, to avoid waste or unnecessary expenditure of judicial resources, and to further the important interest in the finality of judgments ultimately entered"; *United States v. $11,918.00*, 2007 WL 3037307, *6 (E.D. Cal. 2007) (Rule G(8)(c) expressly provides for a motion to strike a claim or answer for failing to comply with Rule G(5), or because the claimant lacks standing); *United States v. $12,126.00 in U.S. Currency,* 337 Fed. App'x 818, 820 (11th Cir. July 21, 20s09) ((affirming order striking claim for lack of statutory standing; "the district court was entitled to insist upon strict compliance with the procedural requirements set forth in Rule G(5)"); *United States v. 2687 S. Deframe Circle, Lakewood, Colo.*, 208 F.3d at *3 ("First, courts have held that '[i]t is not an abuse of discretion for the district court to require strict compliance with Supplemental Rule C(6).'" (quoting United States v. One Parcel of Prop., 959 F.2d 101, 104 (8th Cir. 1992); *United States v. 40 Acres of Real Property,* 629 F. Supp.2d 1264, 1273 (S.D. Ala. 2009) (pleading requirements in Rule G(5) must be strictly enforced; claimant who filed claim but no answer lacked statutory standing) (collecting cases); *United States v. $11,918.00*, 2007 WL 3037307, *7 (E.D. Cal. 2007) (granting Rule G(8)(c) motion to strike answer for failure to comply with Rule G(5) and entering default judgment"); *United States v. $13,970.00 in U.S. Currency*, 2007 WL 1231659 (M.D. Ga. 2007) (statutory standing is a threshold issue; claimant who fails to comply with section 983(a)(4) and Rule G(5) lacks standing; *United States v. $48,000 U.S. Currency*, 2007 WL 1467158, *3 & n.1 (E.D. La. May 8, 2007) (the requirement of strict compliance with the filing requirements that applied to Rule C(6) carry over to Rule

G(5); allowing the filing of a late claim would "subvert the strict time limits established by Rule G(5) and encourage claimants to litigate every untimely filing in a forfeiture case"); *United States v. $1,437.00 in U.S. Currency*, 242 F. Supp. 2d 193, 195 (W.D.N.Y. 2002)("Generally, strict compliance with the time periods of CAFRA and Rule C(6) is required.")

As in many other cases, Supp. Rule G should be strictly construed in this case, and the Court should strike the claim.

WHEREFORE, the United States respectfully requests the Court to strictly enforce Supplemental Rule G by striking Claimant's Claim (Doc. 13) for lack of statutory standing, and to enter an immediate default judgment as there are no other claimants.

        Respectfully submitted,

        KENNETH J. GONZALES
        UNITED STATES ATTORNEY

        *Electronically filed April 13, 2012*
        STEPHEN R. KOTZ
        CYNTHIA L. WEISMAN
        Assistant U.S. Attorneys
        P.O. Box 607
        Albuquerque, New Mexico 87103
        (505) 346-7274

I HEREBY CERTIFY that on April 13, 2012, I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties or counsel of record to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

    */s/*
STEPHEN R.KOTZ
CYNTHIA L. WEISMAN
Assistant U.S. Attorneys